IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WILLIE DEXTER KIMBROUGH, | |
| Plaintiff, | No. C13-3005-MWB |
| vs. | |
| FORT DODGE CORRECTIONAL FACILITY, JIM MCKINNEY, | **INITIAL REVIEW ORDER** |
| Defendants. | |

## *I. INTRODUCTION*

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on January 16, 2013. The clerk's office filed the case in this district on that same date. Prior to the case being transferred or on December 21, 2012, the plaintiff submitted an application to proceed in forma pauperis (docket no. 3), an application for appointment of counsel (docket no. 2) and a complaint pursuant to 42 U.S.C. § 1983 (docket no. 1).

## *II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the

prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that he included with his application to proceed in forma pauperis, the court finds that the initial partial filing fee is $5.00. *Id*. The plaintiff shall submit $5.00 by no later than September 27, 2013. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

2

### III. APPLICATION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. The plaintiff's claim is not complex, and the complaint either fails to state a claim upon which relief can be granted or is frivolous. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

### IV. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those

claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## V. CLAIM ASSERTED

Currently confined at the Fort Dodge Correctional Facility in Fort Dodge, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress an issue that relates to the conditions of his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> I am residing at the Fort Dodge Correctional Facility and they have dogs all around the facility. I am terrified of dogs. And, I did everything that I could to get out of the facility.

In addition, with respect to whether he presented the facts relating to his complaint in the prison grievance procedure that was available to him, the plaintiff states that he submitted a grievance and talked to a correctional officer but the correctional officer informed him that nothing could be done unless he was allergic to a dog. As relief, the plaintiff states that he wants the sum of $150,000.00 for being in a facility that includes dogs and for punitive damages.

## VI. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regu-
> lation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the

4

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5

Case 3:13-cv-03005-MWB   Document 6   Filed 08/30/13   Page 5 of 10

### B. *Plaintiff's Claim*[1]

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The plaintiff has no right to incarceration in a prison of his choice, that is, a prison without dogs. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). In addition, the plaintiff's generalized fear of harm that might occur as a result of having dogs within the prison does not give rise to a sufficiently substantial risk of serious harm; the conditions of the plaintiff's confinement are not sufficiently serious to establish an Eighth Amendment claim, that is, they do not present an extreme risk that results in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff's fear of dogs is essentially no different than an inmate's generalized fear of being assaulted by another individual while confined. Those types of fear are not enough to establish a constitutional violation.

> A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety', a standard that incorporates due regard for prison officials' unenviable task of keeping

---

[1] The court notes that it does not appear that the plaintiff exhausted his administrative remedies prior to commencing the instant action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal required when inmate has not administratively exhausted before filing lawsuit in district court); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("The [requirements of 42 U.S.C. § 1997e(a)] are clear: if administrative remedies are available, a prisoner must exhaust them."). So, in the event that the court ordered the defendants to respond, it is likely that they would have raised the plaintiff's failure to exhaust his administrative remedies as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (stating that the failure to exhaust is an affirmative defense); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (stating that a defendant has the burden of proving the failure to exhaust). Nevertheless, at this stage, nothing prevents the court from reviewing the merits of the plaintiff's claim. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

>     dangerous men in safe custody under humane conditions.
>     Whether one puts it in terms of duty or deliberate indifference,
>     prison officials who act reasonably cannot be found liable
>     under the Cruel and Unusual Punishments Clause.

*Id*. at 845-46 (internal quotations and citations omitted). Because the use of dogs within a prison strikes the court as a reasonable means to ensure the safety of all inmates, the defendants cannot be held liable.

Lastly, the plaintiff does not assert facts that justify the award of compensatory damages, which are only available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering, or punitive damages, which are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference. *See Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages and the standard for awarding punitive damages). This is so because, under the Prison Litigation Reform Act,

>     [n]o Federal civil action may be brought by a prisoner
>     confined in a jail, prison or other correctional facility, for
>     mental or emotional injury suffered while in custody without
>     prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions); *Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis). Because 42 U.S.C. § 1997e(e) requires the plaintiff to show an actual physical injury and he does not do so, he is unable to recover damages for violations of his Eighth Amendment rights.

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal

of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 3) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $5.00 by no later than September 27, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(8) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 30th day of August, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TO:   WARDEN/ADMINISTRATOR
      Fort Dodge Correctional Facility, Fort Dodge, Iowa

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Willie Dexter Kimbrough, #6882891, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Kimbrough v. Fort Dodge Correctional Facility, et al.*, Case No. C13-3005-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa